## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:20-cv-00156-MR-WCM

| | | |
|---|---|---|
| RICHARD CLAIR WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND |
| | ) | RECOMMENDATION |
| COMMISSIONER OF THE SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on the parties' cross motions for summary judgment (Docs. 11, 13), which have been referred to the undersigned pursuant to 28 U.S.C. § 636 for the entry of a recommendation.

I.    **Procedural Background**

In July of 2016, Plaintiff Richard Clair Wright ("Plaintiff") filed applications for child's disability insurance benefits and supplemental security income. Transcript of the Administrative Record ("AR") 193-199; 200-205. Plaintiff alleges disability beginning July 26, 2016. AR 75 & 50.

On January 24, 2019, following an administrative hearing at which Plaintiff appeared and testified, an Administrative Law Judge ("ALJ") issued an unfavorable decision. AR 47-68. That decision is the Commissioner's final decision for purposes of this action.

1

## II. The ALJ's Decision

The ALJ found that Plaintiff had the severe impairments of "generalized anxiety disorder, depressive disorder, posttraumatic stress disorder (PTSD), and agoraphobia." AR 53. After determining that Plaintiff had moderate limitations in the areas of understanding, remembering, or applying information; social interaction; maintaining concentration, persistence, or pace; and adapting or managing himself, AR 53-54, the ALJ found that Plaintiff had the residual functional capacity ("RFC"):

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: he can perform and maintain concentration for simple, routine, repetitive tasks, and he can adapt to routine changes in a work setting. The claimant is limited to work that requires no public interaction and no more than occasional interaction with coworkers and supervisors.

> AR 55.

Applying this RFC, the ALJ found that Plaintiff had the ability to perform certain jobs that exist in significant numbers in the national economy such that Plaintiff was not disabled during the relevant period. AR 62-63.

## III. Plaintiff's Allegations of Error

Plaintiff contends that the ALJ did not account adequately for his moderate limitations in concentration, persistence, or pace, and failed to explain sufficiently the weight he assigned to the opinions of Dr. Elizabeth

Corder and Mr. James Stewart (AR 1070-1080), Dr. Mary Berg (AR 635-638), and Lauren Adams, LCSW (AR 660-663) when developing Plaintiff's RFC.

## IV. Standard of Review

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1505; 416.905; see also 20 C.F.R. § 404.350(a)(5) (child benefits). The regulations require the Commissioner to evaluate each claim for benefits using a five-step sequential analysis. 20 C.F.R. §§ 404.1520; 416.920. The burden rests on the claimant through the first four steps to prove disability. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If the claimant is successful at these steps, then the burden shifts to the Commissioner to prove at step five that the claimant can perform other work. Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015); Monroe, 826 F.3d at 180.

Under 42 U.S.C. § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and whether the Commissioner's final decision applies the proper legal standards. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). When a federal district court reviews the Commissioner's decision, it does not "re-weigh

3

conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record and based on the correct application of the law. Id.

## V. Discussion

### A. Concentration, Persistence, or Pace

An ALJ who finds a plaintiff has moderate limitations in concentration, persistence, or pace is not automatically required to include a corresponding limitation in the RFC. See Shinaberry v. Saul, 952 F.3d 113, 121 (4th Cir. 2020); Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). Rather, the ALJ has two options. The ALJ may either (1) include additional limitations in the claimant's RFC to account adequately for the particular mental limitations, or, in the alternative, (2) explain the decision not to limit Plaintiff's RFC further. Shinaberry, 952 F.3d at 121 (explaining that Mascio did not impose a categorical rule requiring a specific RFC regarding concentration, persistence, or pace and stating that an ALJ could explain why such a limitation was not necessary); Rivera v. Berryhill, No. 3:17-CV-00376-GCM, 2019 WL 355536, at *2 (W.D.N.C. Jan. 29, 2019).

Here, the ALJ found that although Plaintiff has moderate limitations in his ability to concentrate, persist, or maintain pace, he was able to "maintain concentration for simple, routine, repetitive tasks," could "adapt to routine changes in a work setting," and was limited to work with no interaction with the public and occasional interaction with coworkers and supervisors. AR 55. Accordingly, rather than merely stating that Plaintiff could *perform* simple, routine, repetitive tasks, the ALJ included a specific finding with respect to Plaintiff's ability to *concentrate* on those tasks. Cf. Mascio, 780 F.3d at 638 ("[t]he ability to perform simple tasks differs from the ability to stay on task").

The ALJ also explained adequately his decision not to limit Plaintiff's RFC further. See Buckner v. Saul, No. 1:20-CV-00002-FDW, 2021 WL 467204, at *4 (W.D.N.C. Feb. 8, 2021) ("[i]f an ALJ adequately explains why the objective medical evidence supports a limitation to 'simple, routine, repetitive tasks,' the ALJ adequately accounts for a claimant's limitations in concentration, persistence, and pace"). The ALJ noted that Plaintiff had received mental health treatment since 2010, and reviewed Plaintiff's records chronologically through September 28, 2018. AR 55-59. The ALJ acknowledged medical records and opinion evidence indicating that Plaintiff had experienced significant functional difficulties at the beginning of this period. AR 57 (discussing Ms. Adams' March 1, 2017 opinion that Plaintiff's father was "verbally abusive and neglectful," and that "as long as the claimant remained

5

in his father's care, he would continue to decompensate, possibly to the point he would be involuntarily committed").

However, the ALJ also explained that progress notes from May 2017 forward documented Plaintiff's improvement after he moved out of his father's home. See AR 57 (citing AR 810-811 (June 1, 2017 therapy note reflecting Plaintiff felt more at home in his new place, and that he initiated and completed household chores)); AR 58 (citing AR 765 & 752 (September & October 2017 therapy notes reflecting Plaintiff was learning guitar and wanted to be able to start teaching guitar lessons to others); AR 747-748 (November 2017 therapy note reflecting Plaintiff went to a friend's birthday party and was social); AR 733 & 735 (November 2017 note reflecting Plaintiff was interested in photography, art, and drawing and had gone to the library to check out books on those subjects); AR 1028 & 1020 (January 2018 therapy notes reflecting Plaintiff was open to the idea of working as long as it was a job he wanted to do, but that he did not want to "mess up" his disability)); AR 59 (citing AR 854 (May 21, 2018 record indicating Plaintiff's medications provided good overall control and were continued without change); AR 1041 (September 2018 therapy note indicating Plaintiff hoped to "use his disability to buy more instruments and maybe put a down payment on a home")).

Based on his longitudinal review of the records, the ALJ concluded that after initiation of a medication regime and participation in therapy, Plaintiff

6

"dramatically improved in terms of his emotional stability, social abilities, and independence." AR 59.

### B. Opinion Evidence

When evaluating medical opinions, the ALJ should consider "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." <u>Johnson v. Barnhart</u>, 434 F.3d 650, 654 (4th Cir.2005). "An ALJ's determination as to the weight to be assigned to a medical opinion generally will not be disturbed absent some indication that the ALJ has dredged up 'specious inconsistencies' . . . or has failed to give a sufficient reason for the weight afforded a particular opinion." <u>Dunn v. Colvin</u>, 607 Fed. Appx 264, 267 (4th Cir. 2015) (unpubl.) (internal citations omitted).

Here, when developing Plaintiff's RFC, the ALJ discussed the opinions of Dr. Corder and Mr. Stewart, Dr. Berg, and Ms. Adams which reflected greater functional limitations than the ALJ ultimately endorsed. The ALJ assigned "little weight" to these opinions because he found that treatment records created following the issuance of these opinions indicated "remarkable improvement in the claimant's cognitive, social, and adaptive functioning." AR 60-61 (explaining that Dr. Berg's October 2016 opinion and Dr. Corder's/Mr. Stewart's May 2017 opinion were based on one-time encounters which were

7

not representative of the entire period at issue and that, while Ms. Adams'
March 2017 opinion "was accurate in speculating that if claimant continued to
live in his current environment, he would necessitate inpatient treatment, the
record shows that after his circumstances changed and his course of treatment
was revised, the claimant's daily functioning and social skills dramatically
improved").

Accordingly, the ALJ adequately explained why he gave these opinions
little weight. See Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018) (in
formulating the RFC, the ALJ "must both identify evidence that supports his
conclusion and build an accurate and logical bridge from that evidence to his
conclusion"); Petty v. Saul, No. 1:19-cv-00012-FDW, 2020 WL 1441436, at *4
(W.D.N.C. March 20, 2020) ("The ALJ considered Dr. Ocloo's opinion in light
of the rest of the record and decided it warranted 'some' weight. The ALJ
provided substantial evidence for her weight determination; therefore, the
Court will not disturb the ALJ's decision").

Finally, when considering Plaintiff's RFC, the ALJ assigned "great
weight" to the opinions of the state agency psychological consultants, including
Dr. Bonny Gregory, because such opinions were "largely consistent with and
well supported by the longitudinal record." AR 60. Dr. Gregory opined that
while Plaintiff could have some "distractibility and slowed work pace due to
mental symptoms," he "should be able to complete simple tasks within a

reasonable period of time." AR 129. The ALJ's reliance on this opinion when developing Plaintiff's RFC was appropriate. See Norton v. Saul, 1:20-cv-00060-KDB, 2021 WL 861710, at *3 (W.D.N.C. March 8, 2021) ("The ALJ's reliance on the opinion of the state agency medical consultant that [plaintiff] could complete simple tasks even with moderate limitations in CPP satisfies the explanation necessary to support the RFC limitations"); Del Vecchio v. Colvin, No. 1:14cv116-RLV, 2015 WL 5023857, at *6 (W.D.N.C. Aug. 25, 2015) (ALJ's explicit reliance on non-examining state agency consultant's mental functional capacity assessment adequately explained "why Plaintiff's limitations in concentration, persistence, or pace did not translate into any additional restrictions....").[1]

In closing, the undersigned acknowledges that the administrative record in this case reflects that Plaintiff has experienced great personal difficulties and endured terrible circumstances. However, the question presented here is whether the ALJ applied the correct legal standards and if substantial

---

[1] Relatedly, Plaintiff also argues that the ALJ erred with respect to the hypothetical questions he propounded to the vocational expert (VE). Doc. 12 at 15. "[A] hypothetical question is unimpeachable if it 'adequately reflect[s]' a residual functional capacity for which the ALJ had sufficient evidence." Fisher v. Barnhart, 181 Fed. Appx. 359, 364 (4th Cir.2006) (unpublished) (citing Johnson v. Barnhart, 434 F.3d 650, 659 (4th Cir.2005) (alterations in original). Here, it appears that the first hypothetical posed to the VE (and upon which the ALJ relied) adequately reflected Plaintiff's RFC. See AR 93.

evidence supports the ALJ's determination. In that regard, the undersigned does not conclude that remand of the ALJ's decision is required.

## VI. Recommendation

Considering the foregoing, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion for Summary Judgment (Doc. 11) be **DENIED**, and that the Commissioner's Motion for Summary Judgment (Doc. 13) be **GRANTED**.

Signed: October 6, 2021

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

11